IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
01 JAN 31 PM 8:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
FEB 0 1 2001

| | |
|---|---|
| **ALONZO LEWIS** ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. |
| vs. ) | |
| ) | 99-C-1869-S |
| **WILLIAM J. HENDERSON, POSTMASTER** ) | |
| **GENERAL, UNITED STATES POSTAL** ) | |
| **SERVICE,** ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT

In this case alleging race and disability discrimination, the Defendant has moved for Summary Judgment. He contends that Plaintiff Alonzo Lewis cannot establish a *prima facie* case of disability discrimination and that on Plaintiff's claim for racial discrimination, Plaintiff has not rebutted the articulated legitimate, nondiscriminatory reason for his discharge. The Court finds merit in these contentions.

The Undisputed Facts

The Defendant United States Postal Service ("Postal Service") hired Plaintiff, a black citizen of the United States, as a casual (temporary) employee for several months in 1996, 1997, and 1998.

Plaintiff submitted to the Postal Service a written application for casual employment on November 20, 1996. On this application, he indicated that he had never been fired from any job for any reason, and that he had never been convicted of a crime. He indicated that he had left his



employment with Swift Transportation Company (Swift") for better pay and benefits; that he had left his employment with Donco Transportation Company ("Donco") for something closer to home; and that he had left employment with Home Depot for reasons of "pay." He indicated that his reason for leaving his employment with C.T.L. Distribution, Inc. ("CTL") was "N/A." At the end of the application, Plaintiff certified that his answers were true, complete, and correct. The application form advised Plaintiff that any false or dishonest answer might result in his dismissal and/or criminal prosecution.

A week after Plaintiff submitted his 1996 application, he signed a Falsification and Postal Crime Affidavit, in which he acknowledged that the Postal Service was empowered to terminate his employment at any time should it determine that he had falsified any information on his application.

On April 9, 1998, Plaintiff submitted a new written application to the Postal Service for a permanent position as flat sorter machine operator in Birmingham, Alabama. On this application, Plaintiff indicated that he had been fired from other jobs; that he had quit a job after being notified that the would be fired; and that he had been convicted of a crime.

Prior to November 20, 1996, Plaintiff had been convicted as an habitual offender for driving violations. As of the same date, Plaintiff now concedes that he had been terminated from employment by Swift, CTL, Home Depot and Bruno's.

The Postal Service discovered the truth concerning Plaintiff's prior employment and criminal background during its routine background investigation of his application for a permanent position.

Plaintiff was thereafter notified that "due to the falsification of [his] application for employment," his name was being removed from all active hiring registers, and his casual

employment was terminated.

The Postal Service has terminated both black and white employees who falsified their applications.

While in the casual employment of the Postal Service, Plaintiff's hearing loss had no effect on his ability to properly perform his work. Understandably, he did not request the Postal Service to accommodate his hearing loss - he did not even tell his co-workers about his alleged disability. The Postal Service was not aware of the alleged disability until the month preceding his discharge.

## The Law

Under these facts, the Defendant is entitled to judgment as a matter of law. Although the Plaintiff has arguably met the not-so-onerous burden of establishing a *prima facie* case of racial discrimination, he clearly has not rebutted the non-discriminatory reason articulated by the Postal Service. He has not established a *prima facie* case of disability discrimination. The Defendant is therefore entitled to judgment as a matter of law. *Chapman v. AI Transport,* 229 F.3d 1012 (11th Cir. 2000).

By separate order, the Summary Judgment motion will be granted.

Done this 31st day of January, 2000.

Chief United States District Judge
U.W. Clemon